FILED
DALLAS COUNTY
6/13/2016 3:00:29 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

CAUSE NO. DC-16-07101
_____

| | | |
|---|---|---|
| JOEY CALMA AND LILYBETH CALMA | § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL COURT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ELSIE TARVER, AND JASON MCLENDON | § § § § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Joey Calma and Lilybeth Calma, hereinafter referred to as "Plaintiffs," complaining of Defendants, Allstate Vehicle and Property Insurance Company, Elsie Tarver and Jason Mclendon (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiffs, Joey Calma and Lilybeth Calma, are individuals and residents of Texas.

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of



EXHIBIT
B-1

insurance in Texas and/or has its principal place of business located in Texas. It can be served with citation by serving its registered agent, C T Corporation System, by certified mail, return receipt requested, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

Defendant, Elsie Tarver ("Tarver"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 8101 Chesham Rd., Rowlett, TX 75088, or wherever else she may be found.

Defendant, Jason Mclendon ("Mclendon"), is a citizen of California who can be served with process by certified mail, return receipt requested, at 1025 Creekside Ridge Drive, Suite 230, Roseville, CA 95678, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Dallas County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Dallas County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.      Plaintiffs are the owners of insurance Policy Number 836387054 issued by Defendant
Allstate (hereinafter referred to as the "Policy").

B.      Plaintiffs owned the insured property, which is specifically located at 4010 Carrington
Drive, Garland, Dallas County, Texas 75043 on August 24, 2015 (hereinafter referred to as
the "Property").

C.      Defendant Allstate or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.      On or about August 24, 2015, a wind and hailstorm struck the Garland, Texas area causing
severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

E.      Plaintiffs submitted a claim to Allstate against the Policy for roof damage and water damage
the Property sustained as a result of the wind and hailstorm.  Plaintiffs asked that Allstate
cover the cost of repairs to the Property pursuant to the Policy and any other available
coverages under the Policy.

F.      Defendants have assigned claim number 0386324347 to Plaintiffs' claim.

G.      On October 22, 2015, Defendant Tarver was the designated agent for Allstate and
represented Allstate in regard to Plaintiffs' claim. Tarver inspected Plaintiffs' claim and
concluded that the damages were only $2,511.87.[1]

H.      Plaintiff requested another inspection of their claim.

I.      On November 20, 2015, one month after Tarver inspected Plaintiffs' claim, Defendant
Mclendon was designated as an additional agent for Allstate and represented Allstate in

---

[1] *See Plaintiffs' Exhibit "A": Defendant Tarver's Adjustment Report dated October 22, 2015.*

regard to Plaintiffs' claim. Mclendon concluded that the damages were exactly identical to Tarver's estimate from a month earlier and were only $2,511.87.[2]

J.     Notably, Defendants Tarver and Mclendon's estimates are identical in every way for each section of the building. The only difference is a change of the "date inspected" date and the "date estimate completed" date.[3]

K.     Defendants Tarver and Mclendon were the agents for Allstate and represented Allstate in regard to Plaintiffs' claim. Tarver and Mclendon also adjusted the Plaintiffs' claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim. As such, Tarver and Mclendon acted as an insurance adjusters engaged in the business of insurance with respect to the Plaintiffs' insurance claim. Therefore, Tarver and Mclendon are "persons" who are individually liable for their unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Tarver and Mclendon acted as the agents and representatives for Allstate in this claim.

L.     Defendants Tarver and Mclendon improperly adjusted the Plaintiffs' claim. Defendants Tarver and Mclendon conducted a substandard inspection, which are evidenced in their reports, which failed to include many of Plaintiff's damages.[4] Their estimates did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Tarver and Mclendon misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under

---

[2] *See Plaintiffs' Exhibit "B": Defendant Mclendon's Adjustment Report dated November 20, 2015.*
[3] *See Plaintiffs' Exhibits "A" and "B"*
[4] *Id.*

Plaintiffs' insurance policy.[5] Tarver and Mclendon made these and other misrepresentations to Plaintiffs as well as to Allstate. Plaintiffs and Allstate both relied on Tarver's and Mclendon's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance. Tarver's and Mclendon's misrepresentations caused Allstate to underpay Plaintiffs on their insurance claim and, as such, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' property. This has caused additional, further damage to Plaintiffs' property. Tarver and Mclendon also advised Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property.[6] This advice was negligent and false because it turns out Plaintiffs could not properly repair their Property and prevent future damage by following Tarver's and Mclendon's advice. Plaintiffs' Property has sustained further damages as a result.

M.      Defendants Allstate, Tarver, and Mclendon misrepresented that the damages caused by the wind and hailstorm were only $2,511.87.[7] However, Defendants' representations were false because Plaintiffs' wind and hailstorm damages exceed $17,000.00 and were caused by a covered occurrence.

N.      Defendants Allstate, Tarver and Mclendon failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

O.      These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

---

[5] *Id.*
[6] *Id.*
[7] *Id.*

P.      Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

Q.      Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

R.      Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

S.      Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

T.      Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

U.   Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

V.   Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

W.   Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

X.   Defendants failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

Y.   Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full

payment for their claim.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

Z.    From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

AA.    As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

BB.    Plaintiffs' experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

### VI. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract Against Allstate**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Allstate has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm.  As a result of the

wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiffs' Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against Allstate, Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendants did not request from Plaintiffs any items, statements, and forms that they reasonably believed at that time would be required from Plaintiffs for Plaintiffs' claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiffs any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against Allstate, Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiffs are consumers of goods and services

provided by Defendants pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) their failure to give Plaintiffs the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies.   This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition.  All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices Against Allstate, Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code.  Plaintiffs have satisfied all conditions precedent to

bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B.    Engaging in unfair claims settlement practices;

    C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

    E.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

    F.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

    G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.   Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Allstate, Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action.  By their acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiffs' damages.

**F.   Cause of Action for Fraud Against Allstate, Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action.  The Defendants, jointly and severally, made false representations and/or false promises to Plaintiffs.  These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiffs would rely, and upon which Plaintiffs did reasonably rely to their detriment.  The

representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiffs into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiffs' claim. As a result of the material misrepresentations and omissions upon which Plaintiffs detrimentally relied, Plaintiffs have suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiffs seek herein, as a result of the Defendants' fraud, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

**G.  Cause of Action for Conspiracy Against Allstate, Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the

Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiffs of the benefit and coverage of the insurance Policy that they purchased; and Plaintiffs suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiffs seek, as a result of the Defendants' conspiracy as set forth herein, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**H.  Cause of Action for Aiding and Abetting Against Allstate, Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs and allegations herein.

### 1.  Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiffs, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and

fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiffs as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiffs seek, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiffs, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The

other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result.  The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs.  The other Defendant(s)' participation was a substantial factor in causing the tort or torts.  Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiffs as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiffs seek, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I. Cause of Action for Negligence and Gross Negligence Against Tarver and Mclendon

Plaintiffs reallege and incorporate by reference all previous paragraphs and allegations herein.

The Defendants Tarver and Mclendon were negligent in giving advice to Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property.  This advice as to how to repair Plaintiffs' Property was negligent because Plaintiffs could not properly repair their Property and prevent future damage by following Tarver's and Mclendon's advice.  Plaintiffs' Property has sustained further damages as a result.  Tarver and Mclendon

owed a duty to use reasonable care when he undertook to advise the Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property. Defendants Tarver and Mclendon breached this legal duty. The breach proximately caused injury to the Plaintiffs.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendants Tarver and Mclendon.

**J. Cause of Action for Negligent Misrepresentation Against Tarver and Mclendon**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendants Tarver and Mclendon constitute negligent misrepresentations that have caused damages to Plaintiffs. Defendants Tarver and Mclendon made representations to Plaintiffs in the course of Plaintiffs' business or in a transaction in which Defendants had an interest. The Defendants supplied false information for the guidance of others, including Plaintiffs. The Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiffs. Plaintiffs justifiably relied upon such representations, and the Defendants' negligent misrepresentations proximately caused further damages to Plaintiffs' Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants Tarver and Mclendon.

Plaintiffs seek herein, as a result of Defendants' negligent misrepresentations, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim.  Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract.  Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

### IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional

damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _Eric Quiroz/jr.kr_
ERIC QUIROZ
Texas State Bar No. 24090921
eric@speightsfirm.com

**ATTORNEY FOR PLAINTIFFS**

To: 8776825022                    From: 2143209851                    10-29-15   5:48pm   p. 1   of 8



**National Catastrophe Team**

**Allstate**
You're in good hands.
P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

Insured:     JOEY CALMA                          Cell:      (214) 543-4605
Property:    4010 CARRINGTON DRIVE               E-mail:    JOEYCALMAHONDA@YAHOO.
             GARLAND, TX 75043-2110                         COM
Home:        4010 CARRINGTON DR
             GARLAND, TX 75043-2110

Claim Rep.:  Elsie Callaway                      Business:  (800) 547-8676

Estimator:   Elsie Callaway                      Business:  (800) 547-8676

Claim Number: 0386324347        Policy Number: 000836387054        Type of Loss: Hail

Date Contacted:   10/21/2015
Date of Loss:     8/24/2015 3:00 PM        Date Received:   10/2/2015 8:19 PM
Date Inspected:   10/22/2015               Date Entered:    10/6/2015 4:36 PM

Price List:   TXDF8X_OCT15
              Restoration/Service/Remodel
Estimate:     JOEY_CALMA

ATTN: JAMES BRANN

JOEY_CALMA                                          10/23/2015          Page: 1

**EXHIBIT**

**A**

To: 8776825022                         From: 2143209851                    10-29-15   5:48pm   p. 2   of 8



**National Catastrophe Team**

**Allstate**
You're in good hands.
P.O. Box 672041
Dallas, Texas 75267.
Phone: (800) 547-8676
Fax: (877) 292-9527



JOEY_CALMA

Source - Eagle View

Source - Eagle View

**Roof**

| 3127.75 Surface Area | 31.28 Number of Squares |
| 251.67 Total Perimeter Length | 28.05 Total Ridge Length |
| 102.84 Total Hip Length | |

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 1a. Remove Rain cap - 6" | 1.00 EA | 3.33 | 3.33 | 0/35 yrs | Avg. | NA | (0.00) | 3.33 |
| 1b. Rain cap - 6" | 1.00 EA | 31.95 | 31.95 | 0/35 yrs | Avg. | 0% | (0.00) | 31.95 |
| 2a. Remove Rain cap - 4" to 5" | 1.00 EA | 3.33 | 3.33 | 0/35 yrs | Avg. | NA | (0.00) | 3.33 |
| 2b. Rain cap - 4" to 5" | 1.00 EA | 25.45 | 25.45 | 0/35 yrs | Avg. | 0% | (0.00) | 25.45 |
| 3. Prime & paint roof jack/vent | 2.00 EA | 23.59 | 47.18 | 0/15 yrs | Avg. | 0% | (0.00) | 47.18 |
| 4a. Remove Roof vent - turbine type | 2.00 EA | 5.99 | 11.98 | 0/35 yrs | Avg. | NA | (0.00) | 11.98 |
| 4b. Roof vent - turbine type | 2.00 EA | 96.69 | 193.38 | 0/35 yrs | Avg. | 0% | (0.00) | 193.38 |
| 5. Roofer - per hour steep roof | 1.00 HR | 84.42 | 84.42 | 0/NA | Avg. | 0% | (0.00) | 84.42 |

| Totals: Roof | | | 401.02 | | | | 0.00 | 401.02 |
|---|---|---|---|---|---|---|---|---|

| Total: Source - Eagle View | | | 401.02 | | | | 0.00 | 401.02 |
|---|---|---|---|---|---|---|---|---|

| Total: Source - Eagle View | | | 401.02 | | | | 0.00 | 401.02 |
|---|---|---|---|---|---|---|---|---|

**Gutters**

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 6a. Remove Gutter / downspout - aluminum - up to 5" | 46.00 LF | 0.34 | 15.64 | 0/25 yrs | Avg. | NA | (0.00) | 15.64 |
| 6b. Gutter / downspout - aluminum - up to 5" | 46.00 LF | 4.45 | 204.70 | 0/25 yrs | Avg. | 0% | (0.00) | 204.70 |
| 7. Haul debris per pickup truck load - including dump fees | 0.59 EA | 104.10 | 61.42 | 0/NA | Avg. | NA | (0.00) | 61.42 |

| Totals: Gutters | | | 281.76 | | | | 0.00 | 281.76 |
|---|---|---|---|---|---|---|---|---|

**Right Elevation**

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|

JOEY_CALMA                                                    10/23/2015                    Page: 2

To: 8776825022                    From: 2143209851                    10-29-15   5:48pm   p. 3   of 8



**National Catastrophe Team**

**Allstate**
You're in good hands.
P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

## CONTINUED - Right Elevation

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 19. Comb and straighten a/c condenser fins - with trip charge | 1.00 EA | 155.84 | 155.84 | 0/NA | Avg. | 0% | (0.00) | 155.84 |
| Totals: Right Elevation | | | 155.84 | | | | 0.00 | 155.84 |

### Metal Storage Building

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 8a. Remove Storage shed - Metal - Gable type - 10' x 8' | 1.00 EA | 99.99 | 99.99 | 0/20 yrs | Avg. | NA | (0.00) | 99.99 |
| 8b. Storage shed - Metal - Gable type - 10' x 8' | 1.00 EA | 757.74 | 757.74 | 0/20 yrs | Avg. | 0% | (0.00) | 757.74 |
| 9. Contents - move out then reset | 1.00 EA | 39.78 | 39.78 | 0/NA | Avg. | 0% | (0.00) | 39.78 |
| 10. Haul debris - per pickup truckload - including dump fees | 1.00 EA | 104.10 | 104.10 | 0/NA | Avg. | NA | (0.00) | 104.10 |
| Totals: Metal Storage Building | | | 1,001.61 | | | | 0.00 | 1,001.61 |

### Fence

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 11. Clean with pressure/chemical spray - Light | 432.00 SF | 0.26 | 112.32 | 0/NA | Avg. | 0% | (0.00) | 112.32 |
| 12. Stain - wood fence/gate | 432.00 SF | 0.57 | 246.24 | 4/15 yrs | Avg. | 26.67% | <65.66> | 180.58 |
| Totals: Fence | | | 358.56 | | | | 65.66 | 292.90 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 13. Roofing labor minimum* | 1.00 EA | 149.74 | 149.74 | 0/NA | Avg. | 0% | (0.00) | 149.74 |
| 14. Gutter labor minimum* | 1.00 EA | 66.76 | 66.76 | 0/NA | Avg. | 0% | (0.00) | 66.76 |
| 15. General labor minimum* | 1.00 EA | 4.00 | 4.00 | 0/NA | Avg. | 0% | (0.00) | 4.00 |
| 16. Cleaning labor minimum* | 1.00 EA | 13.58 | 13.58 | 0/NA | Avg. | 0% | (0.00) | 13.58 |
| Totals: Labor Minimums Applied | | | 234.08 | | | | 0.00 | 234.08 |
| Line Item Totals: JOEY_CALMA | | | 2,432.87 | | | | 65.66 | 2,367.21 |

JOEY_CALMA                                    10/23/2015          Page: 3



## National Catastrophe Team

**Allstate**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

### Grand Total Areas:

| | | |
|---|---|---|
| 0.00  SF Walls | 0.00  SF Ceiling | 0.00  SF Walls and Ceiling |
| 0.00  SF Floor | 0.00  SY Flooring | 0.00  LF Floor Perimeter |
| 0.00  SF Long Wall | 0.00  SF Short Wall | 0.00  LF Ceil. Perimeter |
| 0.00  Floor Area | 0.00  Total Area | 0.00  Interior Wall Area |
| 820.57  Exterior Wall Area | 0.00  Exterior Perimeter of Walls | |
| 3,127.75  Surface Area | 31.28  Number of Squares | 503.35  Total Perimeter Length |
| 28.05  Total Ridge Length | 102.84  Total Hip Length | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| AA-Dwelling | 1,055.12 | 43.37% | 1,075.92 | 44.01% |
| A9-Dwelling - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| BB-Other Structures | 1,377.75 | 56.63% | 1,368.58 | 55.99% |
| B9-Other Structures - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| CC-Unscheduled Personal Property | 0.00 | 0.00% | 0.00 | 0.00% |
| C9-Unscheduled Personal Property - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DD-Additional Living Expense | 0.00 | 0.00% | 0.00 | 0.00% |
| D9-Additional Living Expense - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DB-Debris Removal | 0.00 | 0.00% | 0.00 | 0.00% |
| FF-Fire Department Service Charge | 0.00 | 0.00% | 0.00 | 0.00% |
| ML-Motorized Land Vehicle | 0.00 | 0.00% | 0.00 | 0.00% |
| RS-Roof Surfaces Extended Coverage | 0.00 | 0.00% | 0.00 | 0.00% |
| VP-Motorized Land Vehicle Parts, Equipment or Accessories | 0.00 | 0.00% | 0.00 | 0.00% |
| XX-Liability | 0.00 | 0.00% | 0.00 | 0.00% |
| X9-Liability - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| YY-Guest Medical | 0.00 | 0.00% | 0.00 | 0.00% |
| Y9-Guest Medical - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 2,432.87 | 100.00% | 2,444.50 | 100.00% |

To: 8776825022          From: 2143209851          10-29-15   5:48pm   p. 5   of 8



**National Catastrophe Team**

**Allstate**
You're in good hands
P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

### Summary for
### AA-Dwelling
### Summary for All Items

| | |
|---|---:|
| Line Item Total | 1,055.12 |
| Material Sales Tax | 20.80 |
| **Replacement Cost Value** | **$1,075.92** |
| Loss Non-recoverable Depreciation | <0.00> |
| **Actual Cash Value** | **$1,075.92** |
| Less Deductible | (1,075.92) |
| **Net Claim** | **$0.00** |

Elsie Callaway

JOEY_CALMA                                                          10/23/2015          Page: 5

To: 8776825022                    From: 2143209851                  10-29-15   5:48pm   p. 6   of 8



**National Catastrophe Team**

**Allstate**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

**Summary for
BB-Other Structures**
Summary for All Items

| | |
|---|---:|
| Line Item Total | 1,377.75 |
| Material Sales Tax | 47.42 |
| Cleaning Mtl Tax | 0.36 |
| Cleaning Sales Tax | 10.42 |
| **Replacement Cost Value** | **$1,435.95** |
| Less Non-recoverable Depreciation | <67.37> |
| **Actual Cash Value** | **$1,368.58** |
| Less Deductible | (809.08) |
| Net Claim | $559.50 |

Elsie Callaway

JOEY_CALMA                                    10/23/2015          Page: 6



**National Catastrophe Team**

**Allstate**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

## Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| **CLEANING** | | | 125.90 | | 125.90 |
| Coverage: BB-Other Structures | @ | 100.00% = | 125.90 | | |
| **CONTENT MANIPULATION** | | | 39.78 | | 39.78 |
| Coverage: BB-Other Structures | @ | 100.00% = | 39.78 | | |
| **GENERAL DEMOLITION** | | | 299.79 | | 299.79 |
| Coverage: AA-Dwelling | @ | 31.92% = | 95.70 | | |
| Coverage: BB-Other Structures | @ | 68.08% = | 204.09 | | |
| **HEAT, VENT & AIR CONDITIONING** | | | 155.84 | | 155.84 |
| Coverage: AA-Dwelling | @ | 100.00% = | 155.84 | | |
| **LABOR ONLY** | | | 4.00 | | 4.00 |
| Coverage: BB-Other Structures | @ | 100.00% = | 4.00 | | |
| **PAINTING** | | | 293.42 | 65.66 | 227.76 |
| Coverage: AA-Dwelling | @ | 16.08% = | 47.18 | | |
| Coverage: BB-Other Structures | @ | 83.92% = | 246.24 | | |
| **ROOFING** | | | 484.94 | | 484.94 |
| Coverage: AA-Dwelling | @ | 100.00% = | 484.94 | | |
| **SOFFIT, FASCIA & GUTTER** | | | 271.46 | | 271.46 |
| Coverage: AA-Dwelling | @ | 100.00% = | 271.46 | | |
| **EXTERIOR STRUCTURES** | | | 757.74 | | 757.74 |
| Coverage: BB-Other Structures | @ | 100.00% = | 757.74 | | |
| **Subtotal** | | | 2,432.87 | 65.66 | 2,367.21 |
| **Material Sales Tax** | | | 68.22 | 1.71 | 66.51 |
| Coverage: AA-Dwelling | @ | 30.49% = | 20.80 | | |
| Coverage: BB-Other Structures | @ | 69.51% = | 47.42 | | |
| **Cleaning Mtl Tax** | | | 0.36 | | 0.36 |
| Coverage: BB-Other Structures | @ | 100.00% = | 0.36 | | |
| **Cleaning Sales Tax** | | | 10.42 | | 10.42 |
| Coverage: BB-Other Structures | @ | 100.00% = | 10.42 | | |
| **Total** | | | 2,511.87 | 67.37 | 2,444.50 |

Depending upon the circumstances of your loss, our estimate may or may not include an amount for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether the services of a general contractor are appropriate for your loss, please contact your claim representative before proceeding with repairs.

Specialized skill, licensing or certification may be needed of any contractor(s) that you retain, for instance, to identify the presence and nature of any potential contaminants, toxins, pollutants, or other hazards that may be encountered during the course of the work or to utilize appropriate work practices and procedures during the course of the work. Check with your local or State public health or environmental agency regarding potential hazards, including contractor qualifications and other requirements.

JOEY_CALMA                                                          10/23/2015                    Page: 7

To: 8776825022                        From: 2143209851                   10-29-15   5:48pm   p. 8   of 8



**National Catastrophe Team**

**Allstate**
You're in good hands.
P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

For your safety, it is prudent to avoid areas where damaged structures, materials or unknown substances may be present, and to not disturb such structures, material, or unknown substances until your contractors have inspected the work site.
The suggestions above are provided only for your consideration. They in no way supplement, alter or modify your existing coverage. Your insurance policy is the legal contract that contains the terms and limitations of your coverage.
If you have any concerns about the grade of flooring on your estimate, you may take advantage of a free service that will provide you with a more specific analysis. To use this option, please keep a 12" x 12" sample of your damaged flooring, and notify your Allstate adjuster that you would like the additional analysis.

JOEY_CALMA                                              10/23/2015           Page: 8



**National Catastrophe Team**

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

| | | | | |
|---|---|---|---|---|
| Insured: | JOEY CALMA | | Cell: | (214) 543-4605 |
| Property: | 4010 CARRINGTON DRIVE | | E-mail: | JOEYCALMAHONDA@YAHOO. |
| | GARLAND, TX 75043-2110 | | | COM |
| Home: | 4010 CARRINGTON DR | | | |
| | GARLAND, TX 75043-2110 | | | |

| | | | | |
|---|---|---|---|---|
| Claim Rep.: | Jason McLendon | | Business: | (847) 687-2762 |
| Position: | Claim Service Adjuster | | E-mail: | jason.mclendon@allstate.com |
| Business: | PO Box 672041 | | | |
| | Dallas, TX 75267 | | | |

| | | | | |
|---|---|---|---|---|
| Estimator: | Jason McLendon | | Business: | (847) 687-2762 |
| Position: | Claim Service Adjuster | | E-mail: | jason.mclendon@allstate. |
| Business: | PO Box 672041 | | | com |
| | Dallas, TX 75267 | | | |

**Claim Number:** 0386324347        **Policy Number:** 000836387054        **Type of Loss:** Hail

| | | | | |
|---|---|---|---|---|
| Date Contacted: | 10/21/2015 | | | |
| Date of Loss: | 8/24/2015 2:00 PM | Date Received: | 10/2/2015 7:19 PM | |
| Date Inspected: | 11/20/2015 12:00 PM | Date Entered: | 10/6/2015 3:36 PM | |
| Date Est. Completed: | 11/20/2015 8:04 PM | | | |

| | |
|---|---|
| Price List: | TXDF8X_OCT15 |
| | Restoration/Service/Remodel |
| Estimate: | JOEY_CALMA |

JOEY_CALMA                                    11/20/2015        Page: 1



EXHIBIT

B



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

JOEY_CALMA

Source - Eagle View

Source - Eagle View



**Roof**

| | | | |
|---|---|---|---|
| 3127.75 | Surface Area | 31.28 | Number of Squares |
| 251.67 | Total Perimeter Length | 28.05 | Total Ridge Length |
| 102.84 | Total Hip Length | | |

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 1. R&R Rain cap – 6" | 1.00 EA | 35.28 | 35.28 | 0/35 yrs | Avg. | 0% | (0.00) | 35.28 |
| 2. R&R Rain cap – 4" to 5" | 1.00 EA | 28.78 | 28.78 | 0/35 yrs | Avg. | 0% | (0.00) | 28.78 |
| 3. Prime & paint roof vent | 2.00 EA | 23.59 | 47.18 | 0/15 yrs | Avg. | 0% | (0.00) | 47.18 |
| 4. R&R Roof vent - turbine type | 2.00 EA | 102.68 | 205.36 | 0/35 yrs | Avg. | 0% | (0.00) | 205.36 |
| 5. Roofer - per hour steep roof | 1.00 HR | 84.42 | 84.42 | 0/NA | Avg. | 0% | (0.00) | 84.42 |

| Totals:  Roof | | | 401.02 | | | | 0.00 | 401.02 |
|---|---|---|---|---|---|---|---|---|

| Total:  Source - Eagle View | | | 401.02 | | | | 0.00 | 401.02 |
|---|---|---|---|---|---|---|---|---|

| Total:  Source - Eagle View | | | 401.02 | | | | 0.00 | 401.02 |
|---|---|---|---|---|---|---|---|---|

**Gutters**

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 6. R&R Gutter / downspout - aluminum - up to 5" | 46.00 LF | 4.79 | 220.34 | 0/25 yrs | Avg. | 0% | (0.00) | 220.34 |
| 7. Haul debris - per pickup truck load - including dump fees | 0.59 EA | 104.10 | 61.42 | 0/NA | Avg. | NA | (0.00) | 61.42 |

| Totals:  Gutters | | | 281.76 | | | | 0.00 | 281.76 |
|---|---|---|---|---|---|---|---|---|

**Right Elevation**

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 8. Comb and straighten a/c condenser fins - with trip charge | 1.00 EA | 155.84 | 155.84 | 0/NA | Avg. | 0% | (0.00) | 155.84 |

| Totals:  Right Elevation | | | 155.84 | | | | 0.00 | 155.84 |
|---|---|---|---|---|---|---|---|---|



**National Catastrophe Team**

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

### Metal Storage Building

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 9. R&R Storage shed – Metal - Gable type - 10' x 8' | 1.00 EA | 857.73 | 857.73 | 0/20 yrs | Avg. | 0% | (0.00) | 857.73 |
| 10. Contents - move out then reset | 1.00 EA | 39.78 | 39.78 | 0/NA | Avg. | 0% | (0.00) | 39.78 |
| 11. Haul debris - per pickup truck load - including dump fees | 1.00 EA | 104.10 | 104.10 | 0/NA | Avg. | NA | (0.00) | 104.10 |
| **Totals:  Metal Storage Building** | | | **1,001.61** | | | | **0.00** | **1,001.61** |

### Fence

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 12. Clean with pressure/chemical spray - Light | 432.00 SF | 0.26 | 112.32 | 0/NA | Avg. | 0% | (0.00) | 112.32 |
| 13. Stain – wood fence/gate | 432.00 SF | 0.57 | 246.24 | 4/15 yrs | Avg. | 26.67% | <65.66> | 180.58 |
| **Totals:  Fence** | | | **358.56** | | | | **65.66** | **292.90** |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 14. Roofing labor minimum* | 1.00 EA | 149.74 | 149.74 | 0/NA | Avg. | 0% | (0.00) | 149.74 |
| 15. Gutter labor minimum* | 1.00 EA | 66.76 | 66.76 | 0/NA | Avg. | 0% | (0.00) | 66.76 |
| 16. General labor - labor minimum* | 1.00 EA | 4.00 | 4.00 | 0/NA | Avg. | 0% | (0.00) | 4.00 |
| 17. Cleaning labor minimum* | 1.00 EA | 13.58 | 13.58 | 0/NA | Avg. | 0% | (0.00) | 13.58 |
| **Totals:  Labor Minimums Applied** | | | **234.08** | | | | **0.00** | **234.08** |
| **Line Item Totals:  JOEY_CALMA** | | | **2,432.87** | | | | **65.66** | **2,367.21** |

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

 **National Catastrophe Team**

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | SF Walls | 0.00 | SF Ceiling | 0.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 0.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 0.00 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 820.57 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 3,127.75 | Surface Area | 31.28 | Number of Squares | 503.35 | Total Perimeter Length |
| 28.05 | Total Ridge Length | 102.84 | Total Hip Length | | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| AA-Dwelling | 1,055.12 | 43.37% | 1,075.92 | 44.01% |
| A9-Dwelling - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| BB-Other Structures | 1,377.75 | 56.63% | 1,368.58 | 55.99% |
| B9-Other Structures - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| CC-Unscheduled Personal Property | 0.00 | 0.00% | 0.00 | 0.00% |
| C9-Unscheduled Personal Property - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DD-Additional Living Expense | 0.00 | 0.00% | 0.00 | 0.00% |
| D9-Additional Living Expense - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DB-Debris Removal | 0.00 | 0.00% | 0.00 | 0.00% |
| FF-Fire Department Service Charge | 0.00 | 0.00% | 0.00 | 0.00% |
| ML-Motorized Land Vehicle | 0.00 | 0.00% | 0.00 | 0.00% |
| RS-Roof Surfaces Extended Coverage | 0.00 | 0.00% | 0.00 | 0.00% |
| VP-Motorized Land Vehicle Parts, Equipment or Accessories | 0.00 | 0.00% | 0.00 | 0.00% |
| XX-Liability | 0.00 | 0.00% | 0.00 | 0.00% |
| X9-Liability - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| YY-Guest Medical | 0.00 | 0.00% | 0.00 | 0.00% |
| Y9-Guest Medical - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 2,432.87 | 100.00% | 2,444.50 | 100.00% |


**Allstate.**
You're in good hands.

**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

## Summary for
## AA-Dwelling
### Summary for All Items

| | |
|---|---:|
| Line Item Total | 1,055.12 |
| Material Sales Tax | 20.80 |
| **Replacement Cost Value** | **$1,075.92** |
| Less Non-recoverable Depreciation | <0.00> |
| **Actual Cash Value** | **$1,075.92** |
| Less Deductible | (1,075.92) |
| **Net Claim** | **$0.00** |

Jason McLendon
Claim Service Adjuster



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

### Summary for
### BB-Other Structures
#### Summary for All Items

| | |
|---|---:|
| Line Item Total | 1,377.75 |
| Material Sales Tax | 47.42 |
| Cleaning Mtl Tax | 0.36 |
| Cleaning Sales Tax | 10.42 |
| **Replacement Cost Value** | **$1,435.95** |
| Less Non-recoverable Depreciation | <67.37> |
| **Actual Cash Value** | **$1,368.58** |
| Less Deductible | (809.08) |
| **Net Claim** | **$559.50** |

Jason McLendon
Claim Service Adjuster



**National Catastrophe Team**

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

## Recap of Taxes

|  | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|
| Line Items | 68.22 | 0.36 | 10.42 | 0.00 | 0.00 |
| **Total** | **68.22** | **0.36** | **10.42** | **0.00** | **0.00** |

JOEY_CALMA                                    11/20/2015        Page: 7



**National Catastrophe Team**

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

## Recap by Room

**Estimate: JOEY_CALMA**

**Area: Source - Eagle View**

| Area: Source - Eagle View | | | |
|---|---|---|---|
| Roof | | **401.02** | **16.48%** |
| Coverage: AA-Dwelling | 100.00% = | 401.02 | |
| | | | |
| Area Subtotal:  Source - Eagle View | | **401.02** | **16.48%** |
| Coverage: AA-Dwelling | 100.00% = | 401.02 | |
| | | | |
| Area Subtotal:  Source - Eagle View | | **401.02** | **16.48%** |
| Coverage: AA-Dwelling | 100.00% = | 401.02 | |
| Gutters | | **281.76** | **11.58%** |
| Coverage: AA-Dwelling | 100.00% = | 281.76 | |
| Right Elevation | | **155.84** | **6.41%** |
| Coverage: AA-Dwelling | 100.00% = | 155.84 | |
| Metal Storage Building | | **1,001.61** | **41.17%** |
| Coverage: BB-Other Structures | 100.00% = | 1,001.61 | |
| Fence | | **358.56** | **14.74%** |
| Coverage: BB-Other Structures | 100.00% = | 358.56 | |
| Labor Minimums Applied | | **234.08** | **9.62%** |
| Coverage: AA-Dwelling | 92.49% = | 216.50 | |
| Coverage: BB-Other Structures | 7.51% = | 17.58 | |

| Subtotal of Areas | | **2,432.87** | **100.00%** |
|---|---|---|---|
| Coverage: AA-Dwelling | 43.37% = | 1,055.12 | |
| Coverage: BB-Other Structures | 56.63% = | 1,377.75 | |

| Total | | **2,432.87** | **100.00%** |
|---|---|---|---|



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (877) 292-9527

### Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| **CLEANING** | | | 125.90 | | 125.90 |
| Coverage: BB-Other Structures | @ | 100.00% = | 125.90 | | |
| **CONTENT MANIPULATION** | | | 39.78 | | 39.78 |
| Coverage: BB-Other Structures | @ | 100.00% = | 39.78 | | |
| **GENERAL DEMOLITION** | | | 299.79 | | 299.79 |
| Coverage: AA-Dwelling | @ | 31.92% = | 95.70 | | |
| Coverage: BB-Other Structures | @ | 68.08% = | 204.09 | | |
| **HEAT, VENT & AIR CONDITIONING** | | | 155.84 | | 155.84 |
| Coverage: AA-Dwelling | @ | 100.00% = | 155.84 | | |
| **LABOR ONLY** | | | 4.00 | | 4.00 |
| Coverage: BB-Other Structures | @ | 100.00% = | 4.00 | | |
| **PAINTING** | | | 293.42 | 65.66 | 227.76 |
| Coverage: AA-Dwelling | @ | 16.08% = | 47.18 | | |
| Coverage: BB-Other Structures | @ | 83.92% = | 246.24 | | |
| **ROOFING** | | | 484.94 | | 484.94 |
| Coverage: AA-Dwelling | @ | 100.00% = | 484.94 | | |
| **SOFFIT, FASCIA, & GUTTER** | | | 271.46 | | 271.46 |
| Coverage: AA-Dwelling | @ | 100.00% = | 271.46 | | |
| **EXTERIOR STRUCTURES** | | | 757.74 | | 757.74 |
| Coverage: BB-Other Structures | @ | 100.00% = | 757.74 | | |
| **Subtotal** | | | 2,432.87 | 65.66 | 2,367.21 |
| **Material Sales Tax** | | | 68.22 | 1.71 | 66.51 |
| Coverage: AA-Dwelling | @ | 30.49% = | 20.80 | | |
| Coverage: BB-Other Structures | @ | 69.51% = | 47.42 | | |
| **Cleaning Mtl Tax** | | | 0.36 | | 0.36 |
| Coverage: BB-Other Structures | @ | 100.00% = | 0.36 | | |
| **Cleaning Sales Tax** | | | 10.42 | | 10.42 |
| Coverage: BB-Other Structures | @ | 100.00% = | 10.42 | | |
| **Total** | | | 2,511.87 | 67.37 | 2,444.50 |

Depending upon the circumstances of your loss, our estimate may or may not include an amount for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether the services of a general contractor are appropriate for your loss, please contact your claim representative before proceeding with repairs.

Specialized skill, licensing or certification may be needed of any contractor(s) that you retain, for instance, to identify the presence and nature of any potential contaminants, toxins, pollutants, or other hazards that may be encountered during the course of the work, or to utilize appropriate work practices and procedures during the course of the work. Check with your local or State public health or environmental agency regarding potential hazards, including contractor qualifications and other requirements.



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (877) 292-9527

For your safety, it is prudent to avoid areas where damaged structures, materials or unknown substances may be present, and to not disturb such structures, material, or unknown substances until your contractors have inspected the work site.
The suggestions above are provided only for your consideration. They in no way supplement, alter or modify your existing coverage.  Your insurance policy is the legal contract that contains the terms and limitations of your coverage.
If you have any concerns about the grade of flooring on your estimate, you may take advantage of a free service that will provide you with a more specific analysis. To use this option, please keep a 12" x 12" sample of your damaged flooring, and notify your Allstate adjuster that you would like the additional analysis.



Source - Eagle View



NO DAMAGE Roof

JOEY_CALMA

# CIVIL CASE INFORMATION SHEET

DC-16-07101

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED Joey Calma and Lilybeth Calma v. Allstate Vehicle and Property Insurance Company, Elsie Tarver, and Jason McLendon

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Todd A. Worrich
Email: todd@speightsfirm.com

Address: 1350 North Loop 1604 East Suite 104
City/State/Zip: San Antonio, TX 78232
Telephone: 210-495-6789
Fax: 210-495-6790
State Bar No: 24037740

Signature

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Joey Calma and Lilybeth Calma

Defendant(s)/Respondent(s): Allstate Vehicle and Property Insurance Company, Elsie Tarver, and Jason McLendon

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [x] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [x] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13