UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEY CALMA and LILYBETH CALMA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-2110-B |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and JASON MCLENDON, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 5). For the reasons that follow, the Court concludes that Plaintiffs' motion is **DENIED**.

### I.

### BACKGROUND[1]

Plaintiffs Joey Calma and Lilybeth Calma filed this lawsuit against Defendants Allstate Vehicle and Property Insurance Company (Allstate) and Allstate insurance agents Jason Mclendon and Elsie Tarver for the improper handling of Plaintiffs' insurance claim under a policy issued by Allstate. *See* Doc. 1-3, Original Pet. Plaintiffs allege that their insured property was damaged by a wind and hailstorm, but Allstate failed to adequately compensate them under the terms of their

---

[1] The Court draws its factual account from the allegations contained in Plaintiffs' Original Petition (Doc. 1-3), Defendants' Notice of Removal (Doc. 1), and the parties' briefing on Plaintiffs' Motion to Remand. Any contested facts are noted as such.

policy. *Id.* at 6. Mclendon and Tarver independently inspected Plaintiffs' claim. *Id.* at 3–4. Plaintiffs contend that both agents improperly adjusted Plaintiffs' claim by conducting a substandard inspection and significantly undervaluing the damage caused by the storm. *Id.* at 4.

In June 2016, Plaintiffs filed their Original Petition against Defendants in state court. Doc. 1-3, Original Pet.; Doc. 1, Defs.' Notice of Removal 1. In it, they assert a variety of state law claims against Defendants, including violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of contract, and breach of the duty of good faith and fair dealing. *See* Doc. 1-3, Original Pet. 9–18.

Allstate removed the case to this Court in July 2016 on the basis of diversity of citizenship under 28 U.S.C. § 1332. Doc. 1, Notice of Removal. In September 2016, Plaintiffs moved to remand the case to state court on the grounds that the Court lacked subject matter jurisdiction because both Plaintiffs and Defendant Tarver were Texas citizens. Doc. 5, Mot. to Remand 1. Allstate and Mclendon filed a Response to the Motion (Doc. 10), to which Plaintiffs did not reply. In November 2016, Tarver was dismissed as a party because Plaintiffs failed to timely serve her with process. Doc. 12, Order. The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c)(2012). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The federal removal statute allows a defendant to remove any civil action to federal court so long as that action falls within the district court's original jurisdiction. *See* 28 U.S.C. § 1441(a). This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1, Notice of Removal 1. A district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). But to invoke the statute, the parties must be completely diverse—both when the plaintiff files its complaint and when the defendant removes. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). And no properly-joined-and-served defendant may be a citizen of the state where the plaintiff brought its action. *See* 28 U.S.C. § 1441(b); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281.

That said, a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if the non-diverse defendant was improperly joined. *Cuevas v. BAC Home Loans Serv., LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249. The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

### III.

### ANALYSIS

Removal was proper here because the Court has subject matter jurisdiction over this case. When Defendants filed their Notice of Removal, they argued that the Court had subject matter

jurisdiction over the case even though Tarver was a citizen of Texas. Doc. 1, Notice of Removal 3. Defendants reasoned that the Court could disregard her citizenship because, they argued, she was improperly joined for the purpose of defeating diversity jurisdiction. *Id.*

Plaintiffs base their Motion to Remand entirely on the argument that the Court lacks subject matter jurisdiction because Tarver was properly joined and therefore defeats diversity jurisdiction. Doc. 5, Pls.' Mot. to Remand 1. Specifically, Plaintiffs argue that: (1) Allstate failed to meet its heavy burden to establish improper joinder of Tarver; (2) Tarver is properly joined because Plaintiffs alleged a valid cause of action against her under the Texas Insurance Code; and (3) Tarver is properly joined because Plaintiffs' factual allegations are sufficient to support a cause of action. *See* Doc. 5-1, Pls.' Br. in Supp. of Mot. to Remand 2–15. Because Tarver was properly joined, Plaintiffs argue, the Court must remand because her Texas citizenship destroys diversity jurisdiction. *Id.* at 15.

In response, Defendants characterize the sole issue before the Court as whether the action was properly removed based on diversity jurisdiction, which is solely dependent on whether Tarver was improperly joined. Doc. 11, Defs.' Br. in Supp. of Resp. to Pls.' Mot. to Remand ¶ 1. To that end, Defendants rebut each of Plaintiffs' arguments and argue that Plaintiffs fail to state an actionable claim against Tarver. *Id.* at 5–9.

But the Court need not wade into any deep analysis of the parties' positions. Tarver is no longer a party to this case. Doc. 12, Order. So her joinder—improper or not—is a non-issue. The Court will nonetheless briefly consider whether it has diversity jurisdiction over the case in light of Tarver's dismissal. No one disputes that Plaintiffs are citizens of Texas. Doc. 1, Notice of Removal 3; *see* Doc. 1-3, Original Pet. 1. Nor does anyone dispute that Allstate is a citizen of a different state. Doc. 1, Notice of Removal 3 (noting that Allstate is a citizen of Illinois); Doc. 1-3, Original Pet. 1

(noting that Allstate is a foreign insurance company). No one challenges that Mclendon is a citizen of California. Doc. 1, Notice of Removal 3; Doc. 1-3, Pls.' Original Pet. 2. And everyone agrees that the amount in controversy is over $75,000. Doc. 1, Notice of Removal 6; Doc. 1-3, Pls.' Original Pet. 19 (indicating that Plaintiffs seek monetary relief over $100,000.00). Therefore, because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, the Court has diversity of citizenship jurisdiction over the case. *See* 28 U.S.C. § 1332.

## IV.

## CONCLUSION

For the reasons stated above and because Plaintiffs failed to raise any argument in their Motion to Remand other than that concerning the claims against Tarver, the Court **DENIES** Plaintiffs' Motion (Doc. 5).

SO ORDERED.

SIGNED: January 3, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE